IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLES MCGHEE, ) | |
| ) | |
|    *Plaintiff*, ) | Civil Action No: |
| ) | |
| v. ) | |
| ) | Judge |
| William Lee, Governor of the State ) | |
| of Tennessee, in his official capacity; ) | |
| ) | Magistrate Judge |
| And, ) | |
| ) | |
| David Rausch, Director of the Tennessee ) | |
| Bureau of Investigation, in his official ) | |
| capacity; ) | |
| ) | |
|    *Defendants*. ) | |

# COMPLAINT

1. Plaintiff Charles McGhee brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## PARTIES

2. Plaintiff Charles McGhee is an adult resident of Rutherford County, Tennessee.

3. Defendant William Lee is the Governor of the State of Tennessee.

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

1

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

6. Plaintiff is a forty-six-year-old divorced man.

7. On January 10, 1999, Plaintiff was convicted in the Rutherford County, Tennessee Criminal Court ("Criminal Court") of one count of "Criminal Attempt to Commit Sexual Battery By An Authority Figure" under T.C.A. § 39-13-527.

8. Plaintiff has not committed a sex offense since his 1999 conviction.

9. Solely due to Plaintiff's 1999 conviction, Tennessee law deems him "Violent Against Children" and subjects him to lifetime registration on the sex offender registry along with a host of restrictions, obligations, and punishments.

10. Tennessee's laws deeming Plaintiff "Violent Against Children" and subjecting him to lifelong restrictions, obligations, and punishments were not passed until several years after Plaintiff was convicted of his qualifying offense.

### B. Tennessee's Sex Offender Registration and Monitoring Regime

11. In 1994, Tennessee passed its first ever sex offender registry law. This law required only that offenders register in a private law enforcement database.

12. Tennessee continued expanding the registry laws through the nineties and early aughts, until in 2003 and 2004 Tennessee passed sweeping new restrictions on convicted sex offenders, hereinafter referred to as "SORA."

13. SORA imposed stringent registration and reporting requirements on statutorily-defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders can live, work, and go.

14. SORA applied retroactively, imposing its labels, restrictions, obligations, and punishments on past offenders even where their offenses had occurred prior to SORA.

15. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

16. Under present law,[1] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a "Violent Against Children" designation on it.

17. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

    a. Name

    b. Classification of "VIOLENT AGAINST CHILDREN"

    c. Status of "ACTIVE"

    d. Date of birth

---

[1] T.C.A. § 40-39-201 *et seq*.

e. Full criminal history

f. Residential address

g. Race and gender

h. Last date of information verification

i. Most recent photograph submitted to TBI

j. Driver's license and/or state identification number

k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

m. Address of Plaintiff's employer(s)

n. License plate number and description of Plaintiff's vehicle(s)

18. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintiff's 1999 case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

4

- i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;
- ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"
- iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

d. Residing with two or more other convicted sex offenders;

e. Being alone with a minor in a "private area."

f. Residing with, or having an overnight visit in, a place in which a minor is present.

19. SORA authorizes the following additional optional punishments against Plaintiff:

   a. Public libraries may ban Plaintiff from their premises;

   b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

   c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system;

20. Under SORA, Plaintiff must comply with all of the impositions detailed at ¶¶ 16 – 19 for the rest of his life solely due to his 1999 conviction.

### C. Specific Impacts of SORA on Plaintiff

21. Solely due to his 1999 conviction, Plaintiff has been subjected to SORA enforcement ever since SORA's enactment in 2003 and 2004. Under current law, Plaintiff will continue to be subjected to this SORA enforcement for the rest of his life. Under the law in effect when Plaintiff was originally convicted in 1999, his limited registry requirements would have terminated after 10 years.

22. The impositions detailed at ¶¶ 16 – 21 have substantially interfered with Plaintiff's career, family, reputation, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to SORA.

23. Plaintiff has three children, one of which is still a minor. Plaintiff's minor son is 15 years old at this time.

24. Plaintiff has been excluded from his minor son's life due to SORA, because his mother has another child who is not Plaintiff's. Due to SORA, Plaintiff was not allowed to reside with or be alone with that child. Consequently, Plaintiff was also excluded from residing with his son's mother, and his own son. Recently, Plaintiff's son asked if he would be able to come to his high school graduation when the time comes. However, due to SORA Plaintiff was unable to promise that he could do so.

25. SORA interferes with Plaintiff's aspirations to have a career. Plaintiff is currently unemployed, in part due to SORA. Having to disclose his registry status has resulted in many denials of employment that Plaintiff was otherwise qualified for. In addition, whenever Plaintiff applies for a job he has to contact Rutherford County Sheriff's Office to ask for confirmation that the jobsite is permitted under SORA. When Plaintiff has

obtained jobs in the past, he has subsequently been fired after the employer, customers or other employees have discovered his registry status.

26. Plaintiff has been evicted twice due to neighbors finding out about his registry status. At this point, Plaintiff resides with his parents because he cannot obtain his own residence.

27. SORA damages Plaintiff's community reputation. Plaintiff has been shamed and shunned by friends, neighbors and other community members due to his registry status.

## CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION (42 U.S.C § 1983)

### (ALL DEFENDANTS)

28. Plaintiff hereby reincorporates paragraphs 1 – 27 by reference.

29. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

30. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

31. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

7

# REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his 1999 conviction.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose its SORA regime on Plaintiff solely on the basis of his 1999 conviction.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his 1999 conviction.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com